Frank L. Corrado, Esquire
Joseph C. Grassi, Esquire
BARRY, CORRADO, GRASSI, and GIBSON, P.C.
2700 Pacific Avenue
Wildwood, NJ  08260
(609) 729-1333
JCG 7213 FLC 9895
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICOLE SCHAFFER, | CASE NO. |
| Plaintiff, | |
| vs. | Civil Action |
| TOWNSHIP OF FRANKLIN, ROCCO MARSWILLO, JOHN DOE OFFICERS 1-5, WALGREENS CO. D/B/A WALGREENS, PIERRE JEAN-LOUIS, and THERESA MORANO, | |
| Defendants. | **COMPLAINT** |

Nicole Schaffer, by way of complaint against defendants, hereby avers:

I. PARTIES

1.  Plaintiff Nicole Schaffer is an adult individual, and resides at 441 Windsor Commons, Cranbury, New Jersey.

2.  Defendant Township of Franklin is a municipal corporation organized under the laws of the State of New Jersey, with offices at 475 DeMott Lane, Somerset, New Jersey.

3.  Defendant Rocco Marswillo is an adult individual, and is employed by the Township of Franklin Police Department, located at 495 Demott Lane, Somerset, New Jersey.  At all relevant times

1

he was an officer in the Franklin Township Police Department. He is sued in his individual capacity.

4.   Defendants John Does 1 through 5 are members of the Franklin Township Police Department, precise identities currently unknown, who collaborated with defendants Marswillo as set forth below. They are sued in their individual capacities.

5.   Defendant Walgreen Co. d/b/a Walgreens a business organization incorporated under the laws of the state of Illinois, with a retail outlet located at 3125 Route 27, Franklin Park, New Jersey.

6.   Defendant Pierre Jean-Louis is an adult individual, and resides at 27 Patrick Street, Carteret, New Jersey. At all relative times he was an assistant manager at the Franklin Park Walgreens.

7.   Defendant Theresa Morano is an adult individual, and resides at 343 Bunker Hill Road, Princeton, New Jersey. For all relative times she was an employee at the Franklin Park Walgreens.

II.   JURISDICTION

8.   This suit arises under the United States Constitution and the laws of the United States and is brought pursuant to 42 U.S.C. §1983, together with pendent state claims.

9.   The Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §1331, as an action arising under

2

the Constitution of the United States, and 28 U.S.C. §1343(a)(3), to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States; and over plaintiff's pendent state law claims pursuant to 28 U.S.C. §1367.

10.  The Court has authority to award costs and attorney's fees pursuant to 42 U.S.C §1988.

11.  Venue is properly laid in the District of New Jersey, pursuant to 28 U.S.C §1391(b), because all defendants reside in this district, and the events giving rise to this claim occurred in this district.

III.  SUBSTANTIVE ALLEGATIONS

12.  On March 29, 2007 Schaffer dropped off film with defendant Walgreen's one-hour photo center.  In response to a more than 48-hour delay in developing Schaffer's film, Walgreens manager Kristen Briener informed Schaffer that, when they were finally developed, she could have the pictures free of cost. Briener memorialized this agreement by writing and signing a note on the envelope in which the developed pictures would ultimately be deposited.

13.  Several days later Schaffer returned to Walgreens to pick up her photographs.  Manager Briener was not working at the time.  Schaffer explained the situation to the defendants Jean-Louis and Morano, and showed them Briener's note and signature.

14.  Defendants Jean-Louis and Morano insisted Schaffer pay

for the photos.  Schaffer refused and took the photos home.
Defendant Theresa Morano called Schaffer a thief, and threatened
to file a criminal complaint.  Upon her arrival home, Schaffer
phoned the Franklin Township Police Department herself, advising
them of her location, should they need clarification of this
incident.

15.  Shortly thereafter, acting on a complaint lodged by
defendant Jean-Louis, defendant Marswillo and John Doe officers
arrived at Schaffer's home.  She explained to the officers why
she was not required to pay for the pictures, and attempted to
show them the envelope with Briener's note and signature.

16.  Marswillo and the other officers refused to entertain
Schaffer's explanation.  Instead, Schaffer was arrested by
officer Marswillo in front of her family and fiancé.  She was
handcuffed and transported to the Franklin Township Police
station, where she was processed and ultimately charged with
shoplifting.

17.  On or about June 29, 2007 Schaffer appeared in Franklin
Township Municipal Court to contest the charges brought against
her.  Franklin Township municipal prosecutor Steven D. Rothblatt,
Esq., having reviewed the facts and circumstances resulting in
Schaffer's arrest, moved to dismiss.  However, Rothblatt
improperly demanded that Schaffer stipulate to probable cause for
the arrest as part of the dismissal agreement.  Schaffer refused

4

to stipulate to probable cause for her arrest.

18. The matter was transferred to Warren Township municipal court, and on or about January 22, 2008 Municipal Court Judge Hon. Richard M. Sasso found Schaffer not guilty.

19. Plaintiff has given all proper notices under, and complied with the requirements of, the state Tort Claims Act.

## COUNT I
### (Fourth and Fourteenth Amendment Violations)
### Individual Officers

20. Plaintiff incorporates the averments of paragraphs 1-19 as if fully set forth.

21. Schaffer has a right, protected by the Fourth and Fourteenth Amendments, against false, baseless, and arbitrary arrest, detention, and prosecution on criminal charges, and against arbitrary deprivations of her liberty and property.

22. The actions of the individual officers in this matter, in falsely and maliciously charging Schaffer with criminal offenses, then demanding Schaffer stipulate to the existence of probable cause for the same, violated those rights.

23. The actions of defendants were willful, deliberate and malicious, and were taken under color of state law.

24. The actions of defendants deprived Schaffer of her rights under the Fourth and Fourteenth Amendments to the Constitution.

25. As a proximate result of defendants' conduct, Schaffer

has been injured in that she was deprived of those rights; was
falsely arrested, charged, and prosecuted without adequate basis;
and was caused to suffer physical, mental, and emotional
distress.

COUNT II
(Fourth and Fourteenth Amendment Violations)
Township of Franklin

26.   Plaintiff incorporates the averments of paragraphs 1-25
as if fully set forth.

27.   One function of defendant Township is the
administration of the Franklin Township Police Department.   In
discharging that function, the Township has a policy, practice or
custom of failing to adequately train, supervise, and discipline
officers and employees of its police department with respect to
the proper making of arrests.

28.   In accordance with that policy, practice, or custom,
the Township failed to adequately train, supervise, and
discipline Officer Marswillo, and John Doe officers and employees
of the police department who participated in the investigation,
arrest and prosecution of Schaffer, in a fashion that was
deliberately indifferent to her rights.

29.   The arrest of Schaffer in accordance with this policy,
practice, or custom violated Schaffer's rights under the Fourth
and Fourteenth Amendments to the United States Constitution.

30.   As a proximate result of the township's failure to

adequately train, supervise, and discipline officer Marswillo and John Doe officers, Schaffer was injured and has suffered damages as set forth above.

### COUNT III
#### (State Constitution Violations under Article I, par. 7)
#### Individual officers and Township of Franklin

31.  Plaintiff incorporates the averments of paragraphs 1-30 as if fully set forth.

32.  Schaffer brings this claim directly under the New Jersey Constitution, and also pursuant to N.J.S.A. 10:6-2(c).

33.  Schaffer has rights, protected by Article I, paragraph 7 of the New Jersey state constitution, against false, baseless, malicious and arbitrary detention and prosecution on criminal charges.

34.  The actions of the defendants in this matter, in falsely and maliciously prosecuting Schaffer as outlined above, violated those rights.

35.  As a proximate result of defendants' actions, Schaffer was deprived of her rights under the state constitution as set forth above, and has suffered physical, mental, and emotional injury.

### COUNT IV
#### (State Law - Malicious Prosecution)
#### Jean-Louis and Walgreens

36.  Plaintiff incorporates the averments of paragraphs 1-35 as if fully set forth.

37.   The criminal complaint against Schaffer was initiated by defendant Jean-Louis.

38.   Defendant's initiation of criminal proceedings against Schaffer was actuated by malice.

39.   The criminal charges and prosecution of Schaffer were brought and pursued without probable cause.

40.   The criminal prosecution of Schaffer terminated favorably to Schaffer, with an acquittal on the charge.

41.   Defendant's actions in subjecting Schaffer to arrest, detention and charge were deliberate, willful and malicious.

42.   The actions of individual defendant Jean-Louis, in falsely initiating a criminal complaint against Schaffer were taken in his capacity as assistant manager of Walgreens, and are thereby attributable to Walgreens.

43.   As a proximate result of defendant's actions, Schaffer was injured in that she was subjected to false arrest and improper detention and prosecution, thereby suffering the special grievance of deprivation of her liberty, and suffered physical, mental and emotional injury.

Count V
(State Law – Negligent Training and Supervision)
Walgreens

44.   Plaintiff incorporates the averments of paragraphs 1-43 as if fully set forth.

45.   Defendant Walgreens owes a duty of care to business

invitees such as Schaffer to adequately train and supervise its employees regarding customer service and price discrepancies.

46.  Walgreens breached that duty owed Schaffer in that it did not adequately train and supervise defendant Jean-Louis.

47.  Defendant Jean-Louis, acting in accordance with his insufficient and/or improper training and supervision, filed an inaccurate police report against Schaffer.

48.  As a proximate result of Walgreens' failure to adequately train and supervise Jean-Louis, Schaffer was injured in that she was subjected to false arrest and improper detention and prosecution, and suffered physical, mental and emotional injury.

Count VI
(State Law – Negligent Training and Supervision)
Township of Franklin

49.  Plaintiff incorporates the averments of paragraphs 1-48 as if fully set forth.

50.  Defendant Township of Franklin owes a duty of care to Schaffer to adequately train and supervise its officers and employees.

51.  Defendant township breached that duty owed Schaffer in that it did not adequately train and supervise defendant Marswillo and John Doe officers.

52.  Defendant Marswillo and John Doe officers, acting in accordance with their insufficient and/or improper training and

supervision, falsely arrested and prosecuted Schaffer without probable cause.

53.   As a proximate result of the township's failure to adequately train and supervise Marswillo and John Doe Officers, Schaffer was injured in that she was subjected to false arrest and improper detention and prosecution, and suffered physical, mental and emotional injury.

COUNT VII
(State Law – Malicious Prosecution)
Individual officers and Township of Franklin

54.   Plaintiff incorporates the averments of paragraphs 1-53 as if fully set forth.

55.   The criminal proceedings against Schaffer were continued by defendants.

56.   Defendants' continuation of criminal proceedings against Schaffer was actuated by malice.

57.   The criminal charges and prosecution of Schaffer were brought and pursued without probable cause.

58.   The criminal prosecution of Schaffer terminated favorably to Schaffer, with an acquittal on the charge.

59.   Defendants' actions in subjecting Schaffer to arrest, detention and charge were deliberate, willful and malicious, and taken under the color of state law.

60.   The individual defendants' actions in falsely arresting and prosecuting Schaffer were taken in their capacities as

10

officers or employees of the Township of Franklin, and are thereby attributable to the Township.

61.   As a proximate result of defendants' actions, Schaffer was injured in that she was subjected to false arrest and improper detention and prosecution, thereby suffering the special grievance of deprivation of her liberty, and suffered physical, mental and emotional injury.

COUNT VIII
(State Law - Gross Insult)
Theresa Morano and Walgreens

62.   Plaintiff incorporates the averments of paragraphs 1-61 as if fully set forth.

63.   Defendants Morano and Walgreens owe a duty of care to keep business invitees such as Schaffer free from abusive and threatening language.

64.   Defendants breached that duty by calling Schaffer a thief, and threatening to file a criminal complaint.

65.   Defendants' actions were deliberate, willful and malicious, or made with a reckless disregard for the results that followed from the use of such words.

66.   The actions of individual defendant Morano, in calling Schaffer a thief and threatening a criminal complaint were taken in her capacity as an employee of Walgreens, and are thereby attributable to Walgreens.

67.   As a proximate result of defendants' actions, Schaffer

11

was injured in that she was subjected to gross insult, false arrest, improper detention and prosecution, and suffered physical, mental and emotional injury.

WHEREFORE, plaintiff demands judgment in her favor and against defendants as follows:

A.   For compensatory damages;

B.   For punitive damages;

C.   For attorney's fees pursuant to 42 U.S.C. §1988 or N.J.S.A. 10:6-2, as appropriate;

D.   For costs, fees and other appropriate relief.

BARRY, CORRADO, GRASSI & GIBSON, P.C.

DATED:   1-26-09      FRANK L. CORRADO, ESQUIRE

s/ Joseph C. Grassi

JOSEPH C. GRASSI, ESQUIRE


DEMAND FOR JURY TRIAL

Trial by jury is demanded on all issues.

BARRY, CORRADO, GRASSI & GIBSON, P.C.

DATED:   1-26-09      FRANK L. CORRADO, ESQUIRE

s/ Joseph C. Grassi

JOSEPH C. GRASSI, ESQUIRE

12