NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

NICOLE SCHAFFER,

          Plaintiff,

       v.

TOWNSHIP OF FRANKLIN, et al.,

          Defendants.

---

Civ. No. 09-347

**MEMORANDUM OPINION**

**BROWN, Chief District Judge**

    This matter comes before the Court upon the renewed motion of Defendants Walgreen Eastern Co., Inc.[1], Pierre Jean-Louis, and Theresa Morano (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count VIII of the complaint filed by Plaintiff Nicole Schaffer ("Schaffer").  [Docket # 33]  Schaffer opposes Defendants' present motion.  [# 25, 35]  The Court has reviewed the parties' submissions and decided this motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will deny Defendants' motion without prejudice and grant Plaintiff leave to amend Count VIII of the complaint.

## I.  BACKGROUND

    Plaintiff Nicole Schaffer makes the following factual allegations in the complaint. (Compl.) [# 1]  On March 29, 2007, Schaffer left film to be developed at the Walgreens one-hour

---

[1]  The Court notes Defendants' assertion that Schaffer mistakenly refers to Defendant Walgreen Eastern Co., Inc. as "Walgreen Co. d/b/a Walgreens" in the complaint.  (Defs.' Mot. Br. 1.) [#23]  Schaffer does not dispute Defendants' assertion, which does not impact the pending action.

photo center in Franklin Park, N.J. (the "Walgreens"). (Compl. ¶ 12.) [# 1] Schaffer returned

for her photos several days later, but was informed by the Walgreens' manager Kristen Breiner

that her photos had not yet been processed. (*Id.*) In light of the delay, Breiner told Schaffer that

once the photos were processed, Schaffer could have them free of charge. (*Id.*) Breiner noted

this agreement on Schaffer's photo envelope, which Breiner also signed. (*Id.*) Schaffer

subsequently returned to the Walgreens a second time for her photos. (Compl. ¶ 13.) [# 1]

Breiner was not on duty at that time. (*Id.*) Instead, Schaffer was attended by Defendants Jean-

Louis and Morano, both of whom are employees at the Walgreens. (*Id.*) Schaffer explained her

agreement with Breiner to Defendants Jean-Louis and Morano, and produced the photo envelope

with Breiner's signed note. (*Id.*) Defendants Jean-Louis and Morano insisted that Schaffer pay

for her photos. (Compl. ¶ 14.) [# 1] Schaffer refused to pay, took the photos, and left the

Walgreens. (*Id.*) Moreno called Schaffer a "thief" and threatened to file a complaint with the

police. (*Id.*) After Schaffer returned home from the Walgreens, she called the Frankin Township

Police Department and notified them of her location should they need clarification of the incident

at the Walgreens. (*Id.*) Ultimately, Defendant Jean-Louis filed a criminal complaint against

Schaffer, and a Franklin Township police officer responded to Schaffer's home. (Compl. ¶ 15.)

[# 1] Despite Schaffer's insistence that her actions were justified, Schaffer was arrested, taken to

the Franklin Township police station, and charged with shoplifting.   (Compl. ¶¶ 15, 16.) [# 1]

On June 29, 2007, Schaffer appeared in Franklin Township Municipal Court and

contested all the charges against her. (Compl. ¶ 17.) [# 1] Franklin Township Municipal

Prosecutor Steven Rothblatt moved to dismiss the charges, but demanded that Schaffer stipulate

that probable cause existed for her arrest. (*Id.*) Schaffer refused Rothblatt's demand. (*Id.*) The

matter was later transferred to Warren Township Municipal Court, where Schaffer was found not guilty of all charges on January 22, 2008.  (Compl. ¶ 18.) [# 1]

In the complaint, Schaffer alleges that the foregoing acts violated her rights under the United States Constitution and seeks a remedy for those violations in this Court pursuant to 42 U.S.C. § 1983.  (Compl.) [# 1]  In addition to her federal constitutional claims, Schaffer also alleges the various Defendants' actions violated the New Jersey Constitution and various New Jersey state law torts.  (*Id.*)  At issue in the present motion is Count VIII of the complaint, in which Schaffer alleges that the incident at the Walgreens established the elements of tortuous "gross insult".  (Compl. Count VII.) [# 1]  Specifically, in Count VIII, Schaffer alleges that Defendants Walgreens and Moreno owed a duty of care to keep business invitees, such as Schaffer, free from abusive and threatening language.  (*Id.*)  Schaffer alleges that Defendants breached that duty when Moreno called Plaintiff a "thief" and threatened to file a criminal complaint against her.  (*Id.*)  Schaffer further alleges that Defendants' actions were deliberate, willful, and malicious.  (*Id.*)

Defendants initially filed a motion to dismiss Count VIII of Plaintiffs' complaint on April 20, 2009.  [# 21]  Before the motion was decided, however, the parties informed the Court that they intended to submit this case to mediation.  In light of that, the Court denied Defendants' motion to dismiss without prejudice on June 12, 2009.  (GEB Order 6/12/09) [# 30]  The parties ultimately rejected mediation, and Defendants filed the present renewed motion to dismiss on July 7, 2009.  [# 33]  Defendants' present moving brief is virtually identical to the brief Defendants filed on April 20, 2009.  [Docket # 21, 33]  As such, Plaintiffs have noted that they continue to rely upon the brief they filed in opposition to Defendants original motion to dismiss.

3

[# 35]

In the present motion, Defendants ask this Court to dismiss Count VIII of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot. Br. at 1.) [# 33] In support of their motion, Defendants assert that "gross insult" as alleged by Schaffer is properly classified as tortuous slander. Defendants state that slander is subject a one-year statute of limitations under New Jersey law. (Defs.' Mot. Br. at 1.) [# 33] Because the action was filed ten months after the one year statute of limitations had run, Defendants argue the action is time-barred and must be dismissed. (Defs.' Mot Br. at 3.) [# 33]

Schaffer opposes Defendants' present motion and argues that Count VIII of the complaint does not allege slander, but rather the distinct tort of "gross insult" that is based on the "entirety of the defendants' treatment of plaintiff", and is a "species of assault, verbal and otherwise." (Pl.'s Reply Br. at 1) [# 26] Schaffer contends that her "gross insult" claim does not rest on statements directed to third parties, but is based instead on the emotional trauma she allegedly suffered from Defendant Moreno's statements. (Pl.'s Reply Br. at 3.) [# 26] Accordingly, Schaffer asserts that the applicable statute of limitations is two-years – akin to the statute of limitations for assault claims pursuant to N.J.S.A. 2A:14-2. (Pl.'s Reply Br. at 3.) [#26] Alternatively, Schaffer asks that the Court grant her leave to amend the complaint and make clear that the claim in Count VIII is not purely "speech based." (Pl.'s Reply Br. at 4.) [# 26]

As a final point, the Court notes that on July 23, 2009, Defendants filed a motion for summary judgment on all of Schaffer's claims. [#36] That motion is currently returnable on September 8, 2009.

## II.    DISCUSSION

4

## A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought. *Id.* at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. *Id.* at 1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied* 510 U.S. 1042 (U.S. Jan. 10, 1994) (No. 93-661).

## B.  Application

### 1. Defendants' Renewed Motion to Dismiss

Defendants presently move to dismiss Count VIII of the complaint in which

Schaffer alleges that Defendants' actions (calling Schaffer a thief and threatening legal action) amount to tortuous "gross insult" under New Jersey law.  (Defs.' Mot. Br.) [#33] Defendants claim that Court VIII in its current formation is a slander claim that is time-barred based on the applicable statute of limitations.  Plaintiff opposes Defendants' motion and contends that the "gross insult" alleged in Count VIII is not merely a slander claim, but is rather a "species of assault" based on the emotional injury inflicted upon her by the words of the Defendant Moreno.  Alternatively, Plaintiff asks that the Court grant her leave to amend and clarify Count VIII of the complaint.

The United States Court of Appeals for the Third Circuit has stated that, "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 299, 235 (3d Cir. 2004) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d. Cir. 2002).  Further, the Third Circuit has articulated that dismissal without leave to amend should be reserved for cases of bad faith, undue delay, prejudice or futility. *Shane v Fauyer*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In Re Burlington Coat Factory*, 114 F.3d at 1434).  Finally, leave generally is freely given when justice so requires. (*Id.* at 113.)

Applying the standard above to the facts and procedural posture of this case, the Court will grant Schaffer leave to amend Count VIII of the complaint.  Based upon the parties' submissions, the Court cannot definitively state that allowing Schaffer to amend Count VIII of her complaint would be "futile."  Furthermore, it is clear that allowing Schaffer to file an amended Count VIII of the complaint at this early stage of litigation will

cause no undue delay, prejudice, or inequity.  In sum, given the liberal standard established by the Third Circuit for allowing plaintiffs to amend claims vulnerable to 12(b)(6) dismissal, the Court will grant Schaffer leave to amend Count VIII of the complaint.  In light of this conclusion, Defendants' present motion to dismiss will be denied without prejudice.

       *2. Defendants' Motion for Summary Judgment*

       As noted above, Defendants filed a motion for summary judgment on all of Schaffer's claims which is currently returnable on September 8, 2009.  [#36]  Defendants therefore seek summary judgment on the claims contained in Count VIII of Schaffer's complaint. (Defs.' Mot. Summ. J. Br. at 16.) [# 16]  In light of the Court's foregoing decision, Defendants' motion for summary judgment will be denied without prejudice to re-file pending Schaffer's amendment of her complaint.

**III.   Conclusion**

       For the foregoing reasons, the Court will deny Defendants' present motion without prejudice and will grant Schaffer leave to amend Count VIII of her complaint within 20 days of the date of this memorandum opinion.  [# 33]  Defendants' motion for summary judgment is denied.  [# 36]  An appropriate form of order accompanies this memorandum opinion.

Dated: August 4, 2009

                                     /s/ Garrett E. Brown, Jr.
                                   GARRETT E. BROWN, JR., U.S.D.J.