# COUGHLIN DUFFY LLP

ATTORNEYS AT LAW

350 Mount Kemble Avenue, P.O. Box 1917
Morristown, New Jersey 07962
phone: 973-267-0058
fax: 973-267-6442
www.coughlinduffy.com

Wall Street Plaza
88 Pine Street, 5th Floor
New York, New York 10005
212-483-0105

TIMOTHY P. SMITH
DIRECT DIAL: (973) 631-6031
EMAIL: TSMITH@COUGHLINDUFFY.COM

January 5, 2010

**BY E-FILING**

The Honorable Lois H. Goodman, U.D.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street, Chambers 7E
Trenton, NJ 08608

Re:   Nicole Schaffer v. Township of Franklin, et al.
      Civil Action No. 09-347 (GEB)(LHG)
      Our File No. W0054-00119

Dear Judge Goodman:

This office represents defendants/movants, Walgreen Eastern Co., Inc. (improperly pleaded as "Walgreen Co. d/b/a Walgreens"), Pierre Jean-Louis, and Theresa Morano (collectively, the "Walgreen defendants"). Please accept this letter as the Walgreen defendants' brief in support of their motion to seal and to enforce the parties' Confidentiality Agreement. Because the documents at issue contain proprietary and sensitive business information,

*292608_1.doc*

COUGHLIN DUFFY LLP

The Honorable Lois H. Goodman, U.D.M.J.
United States District Court for the District of New Jersey
January 5, 2010
Page 2

and because Walgreen would suffer competitive harm were those materials to be made public, the Court should grant the Walgreen defendants leave to seal those documents. The Walgreen defendants seek temporary emergent relief to allow the confidential portions of that submission to be filed under seal because plaintiff will file papers containing those materials today.

## STATEMENT OF FACTS

### I. THE DISCOVERY DEMANDS

Discovery in this matter initially began with plaintiff's demands for Rule 30(b)(6) depositions of Walgreen's corporate representatives. Certification of Timothy P. Smith, dated January 5, 2010 (Smith Cert.), at 2, ¶ 3. At a settlement conference held on October 21, 2009, the Court orally ordered plaintiff to engage in factual discovery demands before the Court would entertain any requests for Rule 30(b)(6) depositions. Id., ¶ 4. On November 10, 2009, plaintiff served document demands that mirrored the documents sought in her Rule 30(b)(6) discovery demands. Id., ¶ 5.

### II. THE CONFIDENTIALITY AGREEMENT

Because the bulk of the document demands requested information

*292608_1.doc*

COUGHLIN DUFFY LLP

The Honorable Lois H. Goodman, U.D.M.J.
United States District Court for the District of New Jersey
January 5, 2010
Page 3

regarding Walgreen's proprietary methods for training its employees, the Walgreen defendants demanded that plaintiff enter into a confidentiality agreement before it would produce its responses. Id. at 3, ¶ 6. Counsel for plaintiff requested only one change to that proposed confidentiality agreement. Id., ¶ 7.

> Specifically, plaintiff's counsel requested a provision that stated:
>
>> Should plaintiff dispute Walgreen's "confidential" designation of any document, she shall have the right, within 15 days of its production, to present it to the magistrate judge for a determination of whether the "confidential" designation is appropriate. The parties agree to abide by the magistrate judge's determination of that issue.

Id. Walgreen agreed to that language. Id., ¶ 9.

The parties executed that agreement effective December 12, 2009. Id. at 4, ¶ 10. The executed agreement provided that "The parties agree to treat all training materials designated 'confidential' by the Walgreen Defendants as confidential material not to be disclosed outside of the Action or to be publicly filed." Id., ¶ 11.

*292608_1.doc*

COUGHLIN DUFFY LLP

The Honorable Lois H. Goodman, U.D.M.J.
United States District Court for the District of New Jersey
January 5, 2010
Page 4

### III. THE FIFTEEN-DAY PERIOD FOR CHALLENGING THE DESIGNATION OF DOCUMENTS AS "CONFIDENTIAL" HAS EXPIRED

Plaintiff's counsel served the executed settlement agreement by letter dated December 14, 2009. Id., ¶ 12. Having obtained the executed settlement agreement on December 17, 2009, the Walgreen defendants served their document production on plaintiff's counsel on that date by overnight delivery. Id., ¶ 13. Thus, plaintiff received the Walgreen defendant's document production on December 18, 2009. Id. at 5, ¶ 14.

Under the term of the agreement, plaintiff's time to challenge the Walgreen defendants' designation of portions of its document production as "confidential" expired on January 4, 2010. Id., ¶15. She has not challenged the confidentiality of any of Walgreen's document production. Id., ¶16.

### IV. WALGREEN'S DOCUMENT PRODUCTION

Relying in good faith on plaintiff's agreement not to publicly file documents designated as confidential, the Walgreen defendants produced 181 pages of confidential material. Id., ¶ 17. Walgreen designated the documents Bates stamped Walgreen 1-181 as confidential because they

The Honorable Lois H. Goodman, U.D.M.J.
United States District Court for the District of New Jersey
January 5, 2010
Page 5

consist of Walgreen's training material for its employees. Id., ¶ 18.

The training materials are transcripts of computer training for Walgreen employees that present scenarios that employees can face in dealing with customers. Id. at 6, ¶ 19. Those scenarios are interactive and present the employee with various responses to different stages in hypothetical customer exchanges, a discussion of why a particular response is correct in the circumstances presented, and why other potential choices are incorrect. Id., ¶ 20. They also contain input from various Walgreen employees providing their own insights and experiences in dealing with situations such as those presented in the training videos. Id., ¶ 21.

### V. THE NEED TO ENFORCE THE AGREED-ON CONFIDENTIALITY IN WALGREEN'S TRAINING MATERIALS

As a national retail drugstore chain, Walgreen competes with numerous national and local drug stores. Id., ¶ 22. The bulk of the merchandise that Walgreen sells is found at its competitors' stores. Id., ¶ 23. Thus, Walgreen competes with other drug stores in large part by attempting to provide superior customer service. Id., ¶ 24.

COUGHLIN DUFFY LLP

The Honorable Lois H. Goodman, U.D.M.J.
United States District Court for the District of New Jersey
January 5, 2010
Page 6

Its training materials, including employee responses to those materials, are proprietary to Walgreen and an important basis of its ability to compete in the marketplace. Id. at 7, ¶ 25. Walgreen has a legitimate interest in protecting its proprietary business information, such as its training materials, from public disclosure. Id., ¶ 26. Walgreen would suffer a competitive disadvantage if its training material were to be made public and thus available to its competitors. Id., ¶ 27.

Finally, no legitimate interest exists in making Walgreen's trade secrets and proprietary business information available to the public. Id., ¶ 28. Plaintiff has not sought to challenge Walgreen's designation of those materials as confidential. Id., ¶ 29. I have conferred with plaintiff's counsel in this matte, and plaintiff does not oppose this application. Id., ¶ 30.

## **LEGAL ARGUMENT**

Although records filed with the Court are generally open to the public, In Re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001), no presumptive right of public access exists regarding "raw discovery," which is "ordinarily

292608_1.doc

COUGHLIN DUFFY LLP

The Honorable Lois H. Goodman, U.D.M.J.
United States District Court for the District of New Jersey
January 5, 2010
Page 7

inaccessible to the public." Leucadia, Inc. v. Applied Extrusion Techs, Inc., 998 F.2d 157, 164-65 (3d Cir. 1993). Moreover, "documents containing trade secrets or other confidential business information may be protected from disclosure." Id. at 166. Thus, the Court has the power to grant an appropriate protective order. Id.

Motions to seal are governed in part by Local Civil Rule 5.3. That Rule requires the Court to consider:

(a) The nature of the materials or proceedings at issue,

(b) The legitimate private or public interest which warrant the relief sought,

(c) The clearly defined and serious injury that would result if the relief sought is not granted, and

(d) Why a less restrictive alternative to the relief sought is not available.

L. Civ. R. 5.3(c)(2). The Walgreen defendants address each factor in turn.

## I.   THE MATERIALS AT ISSUE ARE CONFIDENTIAL

As set forth in the Statement of Facts above, the training materials are documents that Walgreen has created to train its employees to deal with a

292608_1.doc

COUGHLIN DUFFY LLP

The Honorable Lois H. Goodman, U.D.M.J.
United States District Court for the District of New Jersey
January 5, 2010
Page 8

wide array of potential customer issues. Smith Cert. at 5-6, ¶¶ 17-21. The purpose is to allow its employees to provide good customer service to enable Walgreen to compete with other drug store chains. Id. at 6-7, ¶¶ 22-27. The materials are provided only to Walgreen employees and are an important basis for Walgreen's ability to compete in the marketplace. Id. at 7, ¶¶ 25-27. Thus, those materials are legitimately confidential.

## II. WALGREEN HAS A LEGITIMATE INTEREST THAT WARRANTS SEALING THE CONFIDENTIAL INFORMATION

Because Walgreen competes in the marketplace in part on its customer service, it has a legitimate interest in ensuring that its processes for training its employees regarding customer service remain confidential. Id. at 5-7, ¶¶ 17-28. Plaintiff does not oppose this application. Id. at 7, ¶¶ 29-30.

## III. WALGREEN WOULD SUFFER A CLEARLY DEFINED AND SERIOUS INJURY IF THE RELIEF SOUGHT IS NOT GRANTED

If the relief sought is not granted, Walgreen will suffer a clearly-defined and serious injury because its competitors would be able to gain access to 181 pages of confidential information consisting of 20 different

COUGHLIN DUFFY LLP

The Honorable Lois H. Goodman, U.S.D.M.J.
United States District Court for the District of New Jersey
January 5, 2010
Page 9

training modules ranging in topics from providing assistance to customers at the cash register, at the photo counter, and while in the store generally, as well as responding to shoplifting and theft. See generally Smith Cert., Ex. H at 2-4, Response No. 1. Allowing its competitors to review that information and make use of it would place Walgreen at a disadvantage and would harm its proprietary and confidential interest in those training materials. Smith Cert. at 6-7, ¶¶ 22-27.

## IV. THERE ARE NO LESS RESTRICTIVE ALTERNATIVES TO THE RELIEF SOUGHT

No less-restrictive relief exists to protect Walgreen's confidential and proprietary interest in its training materials other than to seal them from public filing. Specifically, plaintiff intends to rely on them in opposition to the Walgreen defendants' motion for summary judgment and will e-file her opposition papers. Because e-filed documents are available to anyone who chooses to log into the PACER website, no less restrictive means exists to protect Walgreen from public disclosure of its confidential documents other than to seal them.

292608_1.doc

COUGHLIN DUFFY LLP

The Honorable Lois H. Goodman, U.D.M.J.
United States District Court for the District of New Jersey
January 5, 2010
Page 10

Because Walgreen has satisfied the requirements of Local Civil Rule 5.3(c), the Court "may properly order them to remain filed under seal subject to the terms of [a] protective order." Leucadia, Inc., 998 F.2d at 167. The harm resulting from the disclosure of Walgreen's proprietary business information, consisting of potential damage to its competitiveness, justifies the entry of an Order protecting its confidential training materials. See id.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order sealing the documents designated "confidential." Thank you for the Court's consideration of this matter.

Respectfully submitted,

COUGHLIN DUFFY LLP

/s/ Timothy P. Smith

Timothy P. Smith

cc:   Frank L. Corrado, Esq. (Via E-Filing)
      Barry, Corrado, Grassi & Gibson, P.C.
      2700 Pacific Avenue
      Wildwood, NJ 08260
      Attorneys for Plaintiff, Nichole Schaffer

*292608_1.doc*