# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICOLE SCHAFFER,<br><br>          Plaintiff/Respondent,<br><br>     v.<br><br>TOWNSHIP OF FRANKLIN,<br>ROCCO MARSWILLO, JOHN DOE<br>OFFICERS 1-5,<br><br>          Defendants,<br><br>and<br><br>WALGREEN CO. d/b/a<br>WALGREENS, PIERRE JEAN-<br>LOUIS, and THERESA MORANO,<br><br>          Defendants/Movants. | Civil Action No. 09-347 (GEB)(LHG)<br><br>**Hon. Garrett E. Brown, Jr., U.S.D.J.**<br>**Hon. Lois H. Goodman, U.S.M.J.**<br><br><br>**Motion Return Date:  January 19, 2009**<br><br>**Document Electronically Filed** |

---

**REPLY BRIEF IN FURTHER SUPPORT OF RENEWED
MOTION OF DEFENDANTS/MOVANTS, WALGREEN
EASTERN CO., INC. (IMPROPERLY PLEADED AS
"WALGREEN CO. D/B/A WALGREENS"), PIERRE
JEAN-LOUIS, AND THERESA MORANO, FOR
SUMMARY JUDGMENT**

---

James P. Lisovicz
Timothy P. Smith
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962-1917
(973) 267-0058
Facsimile:  (973) 267-6442
Attorneys for Defendants/Movants, Walgreen
Eastern Co., Inc. (improperly pleaded as
"Walgreen Co. d/b/a Walgreens"), Pierre
Jean-Louis, and Theresa Morano

## TABLE OF CONTENTS

Table of Authorities ................................................................................... ii

Preliminary Statement .................................................................................1

Procedural History ......................................................................................1

Statement Of Undisputed Material Facts ....................................................2

Legal Argument ...........................................................................................4

I.      Summary Of The Argument .........................................................4

II.     This Motion Is Not Precluded By Outstanding Discovery ...........5

III.    The Walgreen Defendants Have No Liability To Plaintiff Under
        A Theory Of Malicious Prosecution, Which Is A Disfavored
        Cause Of Action Under New Jersey Law .....................................8

        A.      The Walgreen Defendants Did Not "Actually Control"
                Plaintiff's Prosecution For Shoplifting ................................9

        B.      No Genuine Question Of Fact Exists Regarding Probable
                Cause Or Malice ................................................................12

                1.      The Walgreen Defendants Had Probable Cause To
                        Call The Police ......................................................12

                2.      The Walgreen Defendants Did Not Act With
                        Malice Toward Plaintiff In Calling The Police ........15

IV.     The Walgreen Defendants Have No Liability To Plaintiff For
        Negligent Supervision Leading To Plaintiff's Alleged False
        Arrest, Because They Did Not Commit The Tort Of False Arrest ..............16

V.      Plaintiff's Claim For "Gross Insult" Is A Title In Search Of A
        Cause Of Action, Not An Actionable Claim ...............................18

VI.     The Walgreen Defendants Are Entitled To Immunity From
        Liability To Plaintiff Under N.J.S.A. 2C:20-11(e), Which
        Protects Merchants Against Claims Relating To Accusations Of
        Shoplifting Made With Probable Cause .......................................20

i

293284_2

Conclusion ........................................................................................................21

# TABLE OF AUTHORITIES

Statutes

N.J.S.A. 2C:20-2(c)(2) ..........................................................................................4

N.J.S.A. 2C:20-11(e) .................................................................................... 20-21

Court Rules

Fed. R. Civ. P. 56 ...................................................................................................8

United States Supreme Court Cases:

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d
        265 (1986) ...........................................................................................8, 14-15

Migra v. Warren City Sch. Dist. Bd. of Ed., 456 U.S. 75, 104 S. Ct.
        892, 79 L. Ed. 2d 56 (1984) ........................................................................15

Federal Cases:

Barletta v. Golden Nugget Hotel Casino, 580 F. Supp. 614 (D.N.J.
        1984) ............................................................................................................17

Cahn v. United States, 269 F Supp. 2d 537 (D.N.J. 2003) ....................................14

Lighting Lube v. Witco Corp., 4 F.3d 1153 (3d Cir. 1993) ...................................15

Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243
        (3d Cir. 2001) ................................................................................ 13, 15, 20

Trap Rock Indus., Inc. v. Int'l Union of Operating Eng'rs., 982 F. 2d
        884 (3d Cir. 1992) ..................................................................................8, 15

State Court Cases:

Brunson v. Affinity Fed. Credit Union, 199 N.J. 381 (2009) .................8, 15-17, 20

Buckley v. Trenton Saving Fund Soc'y, 111 N.J. 355 (1988) ......................... 19-20

293284_2

DeAngelis v. Hill, 180 N.J. 1 (2004)......................................................................19

Epperson v. Wal-Mart, 373 N.J. Super. 52 (App. Div. 2004)............................9, 12

Leang v. Jersey City Bd. of Ed., 198 N.J. 557 (2009) ...................................... 17-19

Lind v. Schmid, 67 N.J. 255 (1975) ........................................................................8

Mesgleski v. Oraboni, 330 N.J. Super. 10 (App. Div. 2000) ..................................17

Myrick v. Resorts Int'l Casino & Hotel, 319 N.J. Super. 556
    (App. Div. 1999)..........................................................................................12

State v. Goodman, 390 N.J. Super. 259 (App. Div. 2007) .....................................10

State v. Ippolito, 287 N.J. Super. 375 (App. Div. 1996)..........................................4

Tarr v. Ciasulli, 181 N.J. 70 (2004)......................................................................19

Tarus v. Borough of Pine Hill, 189 N.J. 497 (2007)......................................... 12-13

Twp. of Warren v. Suffness, 225 N.J. Super. 399 (App. Div. 1988).......................14

293284_2

## PRELIMINARY STATEMENT

Plaintiff's opposition to the Walgreen defendants' motion for summary judgment boils down to variations on arguments that the motion is premature because questions of fact remain. Yet no question of fact exists regarding the events that led to Walgreen personnel calling the police, and no question of fact exists regarding Walgreen personnel's involvement in plaintiff's municipal prosecution. The Walgreen defendants merely reported the incident, including plaintiff's version of the events, to the police, and appeared at trial in response to the State's subpoenas ad testificandum. As a matter of law, the record cannot sustain plaintiff's claims for malicious prosecution, negligent training and supervision leading to false arrest, and "gross insult." The Court should therefore grant the Walgreen defendants summary judgment on all claims.

## PROCEDURAL HISTORY

Defendants/movants, Walgreen Eastern Co., Inc. (improperly pleaded as "Walgreen Co. D/B/A Walgreens"), Pierre Jean-Louis, and Theresa Morano (collectively, the "Walgreen defendants"), rely on the procedural history set forth in their moving brief. They supplement that statement as follows:

In a telephone conference on October 21, 2009, Magistrate Judge Goodman issued an oral ruling prohibiting plaintiff from engaging in Rule 30(b)(6) depositions until plaintiff had engaged in factual discovery. Reply Certification of

1

Timothy P. Smith in further support of the Walgreen defendants' renewed motion for summary judgment, dated January 12, 2010 ("Smith Reply Cert."), at 2, ¶ 3.  In a second telephone conference on January 6, 2010, Magistrate Judge Goodman issued an oral order prohibiting plaintiffs from engaging in Rule 30(b)(6) depositions regarding the policy of the Franklin Township store.  Id., ¶ 5.  In exchange, the Walgreen defendants have agreed to be bound at trial by the testimony of the Franklin Township store manager about the store's policies.  Id., ¶ 6.  The Court also barred plaintiff from engaging in discovery regarding policies on the corporate or national level as irrelevant to this action.  Id. at 3, ¶ 7.

<u>STATEMENT OF UNDISPUTED MATERIAL FACTS</u>

The Walgreen defendants rely on the Statement of Undisputed Material Facts contained in their moving brief.  They note that plaintiff does not dispute those facts, other than to respond "denied as stated" to seven of those facts (Paragraphs 11, 28, 34, and 44-47), which consist of citations to and quotations from the pleadings and record evidence.  Further, she admits that she has no evidence to dispute the fact that the Walgreen defendants were not involved in the decision by Somerset County Assistant Prosecutor Williams and Officer Marswillo on how to charge plaintiff.  See Walgreen Defs.' Statement of Facts, ¶¶ 47, 52, 54, Pl.'s Response to those facts, and Walgreen Defs.' Reply.

2

Regarding the fact that plaintiff took the photographs from Jean-Louis's hands, the Walgreen defendants rely on plaintiff's statement that she had made immediately after the incident in a recorded telephone call to the Franklin Township Police Department that Morano and Jean-Louis "weren't giving [the photographs] to me, so I took them."  Smith Cert. Ex. L (Franklin Twp. Police Dep't Tel. Tr.) at 35-1 to -5.  They also rely on her successful representation to the municipal court in connection with her municipal prosecution that plaintiff "took the photos as a form of self help."  Smith Cert., Ex. G (Pl.'s Mun. Ct. Br.) at P000051.

Specifically, plaintiff represented to the municipal court that after Jean-Louis and Morano told her that she would have to see the store manager the next morning to have the processing fee waived,

> Ms. Schaffer became irate, demanding that the photos be delivered for free as promised by an employee of the store.  Theresa [Morano] told Ms. Schaffer that she could not give the photos for free, and told [Schaffer] that she would have to come back in the morning to speak with the manager.  Next, Ms. Schaffer took the photos and walked out of the store.

Id. at P00050.  Plaintiff made that argument in support of her affirmative defense of a "claim of right" that she could not have stolen the photographs if she honestly believed that they were her property.  Id. at P00051 (arguing that plaintiff was

3

entitled to acquittal under N.J.S.A. 2C:20-2(c)(2) and State v. Ippolito, 287 N.J.

Super. 375, 380 (App. Div. 1996), under theory of "claim of right").

     Having reviewed that submission, the municipal court, in its written opinion,

found that plaintiff had indeed taken the photographs from Jean-Louis's hands

without his consent.  Smith Cert., Ex. H (Mun. Ct. Op.) at P000063 (finding that

plaintiff "was asked to return to the store when the head manager was present.

[Plaintiff] refused and took the photos and left the store.").  Finally, plaintiff's

version of the events that she had given in the recorded telephone call to the

Franklin Township Police Department and the position that she had successfully

advocated in municipal court are consistent with Morano's testimony in the

municipal trial, Smith Cert., Ex. K (Mun. Trial Tr.) at 47-4 to -9, and in Morano's

deposition, Smith Reply Cert., Ex. 3 (Morano Dep. Tr.) at 122-3 to -20, as well as

in Jean-Louis's testimony in the municipal prosecution, Ex. K (Mun. Trial Tr.) at

23-7 to -11, and in his deposition.  Smith Rely Cert., Ex. 2 (Jean-Louis Dep. Tr.) at

37-21 to 38-9.

## LEGAL ARGUMENT

## I.    SUMMARY OF THE ARGUMENT

     This motion is timely because the record is fully developed regarding the

events on April 1, 2007, when plaintiff came in to the Franklin Township store for

the photographs and when the parties spoke to the police officers.  As well, the

facts regarding the deceased officer's decision to arrest plaintiff, the county

prosecutor's decision to charge plaintiff, and the municipal prosecutor's decision to

prosecute plaintiff are not in dispute.  The record shows that the Walgreen

defendants did not arrest or prosecute plaintiff.  The Walgreen defendants are

therefore entitled to summary judgment on plaintiff's claims for malicious

prosecution, negligent training and supervision leading to false arrest and

malicious prosecution, and "gross insult."

## II.    THIS MOTION IS NOT PRECLUDED BY OUTSTANDING DISCOVERY

Plaintiff argues that the Court should deny this motion because of the status

of discovery.  She claims that certain depositions remain outstanding, warranting

the denial of this motion.  Pl.'s opp. br. at 6-8.  That argument is unavailing

because Magistrate Judge Goodman has denied the Rule 30(b)(6) discovery

sought, because plaintiff has deposed Morano and Jean-Louis on the events at

issue, and because they have obtained all municipal records regarding the decision

to arrest and prosecute plaintiff.

First, plaintiff contends that she needs depositions of Walgreen Rule

30(b)(6) corporate representatives to understand corporate policies regarding

customer services, store security, and cooperation with law enforcement.  Pl.'s

opp. br. at 6-7.  However, in a telephone conference on October 21, 2009,

Magistrate Judge Goodman issued an oral ruling prohibiting plaintiff from

5

engaging in Rule 30(b)(6) depositions until plaintiff had engaged in factual discovery.  Smith Reply Cert. at 2, ¶ 3.  At that time, plaintiff had not even served document demands on the Walgreen defendants.  Id., ¶ 4.

In a second telephone conference on January 6, 2010, Magistrate Judge Goodman issued an oral order prohibiting plaintiffs from engaging in Rule 30(b)(6) depositions regarding the policy of the Franklin Township store if the Walgreen defendants agreed to be bound by the testimony of the Franklin Township store manager about the store's policies.  Id., ¶ 5.  Walgreen agrees to be bound at trial by the testimony of the Franklin Township store manager about the store's policies.  Id., ¶ 6.  The Court also barred plaintiff from engaging in discovery regarding policies on the corporate or national level as irrelevant to this action.  Id., ¶ 7.  Thus, the argument that plaintiff needs to depose Walgreen's Rule 30(b)(6) corporate designees to resist this motion is specious, because it runs afoul of Judge Goodman's order.

Next, plaintiff contends that she must complete the deposition of defendant Pierre Jean-Louis "to establish [his] role in having the charges against Schaffer filed and prosecuted."  Pl.'s opp. br. at 6.  However, plaintiff has already deposed Jean-Louis about the events at issue.  Smith Reply Cert. (Jean-Louis Dep. Tr.) at 29-4 to 57-6, 61-4 to 63-3.  He answered questions at length about his decision to notify the police.  Id. at 63-4 to 66-23.  To date, plaintiff has not sought a

6

continuation of the deposition of Pierre Jean-Louis.  Smith Reply Cert. at 3, ¶ 8.

Because plaintiff has already deposed Jean-Louis about the incident, Smith Reply

Cert. (Jean-Louis Dep. Tr.) at 29-4 to 57-6, 61-4 to 66-23, and has the transcript of

his testimony from the municipal trial, Smith Cert., Ex. K (Mun. Trial Tr.) at 17-23

to 35-7, during which her counsel cross-examined him about his role in the events,

id. at 27-19 to 34-21, the argument that she needs further testimony to oppose this

motion is not supported by the record.

Third, plaintiff's claim that she needs the depositions of Officer Casey and

Ms. Brus to oppose this motion are also unavailing.  She has not notified the

Walgreen defendants of any proposed dates for the rescheduled deposition of

Officer Casey.  Smith Reply Cert. at 3, ¶ 9.  Further, as early as June 2, 2009, the

Walgreen defendants had identified Ms. Brus as the store manager.  Smith Cert.,

Ex. 7 (Walgreen Defs.' Rule 26 initial disclosures) at 2, § A.  Thus, plaintiff has

not made any diligent effort to seek this discovery.

Finally, plaintiff does not dispute the material facts offered by the Walgreen

defendants, which consists of citations to her amended complaint, her interrogatory

answers, records that she produced in her Rule 26 initial disclosures, deposition

testimony of the parties and the witnesses, and the transcript of the municipal trial.

Smith Cert., Ex. A-O, Smith Reply Cert, Ex. 1-7.  Therefore, plaintiff's argument

that the Court should deny this motion because she contends that discovery is

incomplete is inappropriate under Rule 56. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265, 274-75 (1986) (requiring non-movant to identify specific facts that require trial); Trap Rock Indus., Inc. v. Int'l Union of Operating Eng'rs., 982 F. 2d 884, 890-91 (3d Cir. 1992) (noting that general denials are insufficient to oppose motion for summary judgment).

## III.   THE WALGREEN DEFENDANTS HAVE NO LIABILITY TO PLAINTIFF UNDER A THEORY OF MALICIOUS PROSECUTION, WHICH IS A DISFAVORED CAUSE OF ACTION UNDER NEW JERSEY LAW

Plaintiff contends that the Walgreen defendants could be liable to her for malicious prosecution for three reasons. First, she asserts that Jean-Louis and Morano "actively controlled whether [plaintiff] would be prosecuted." Pl.'s opp. br. at 10. Second, she claims that a jury might not accept that Jean-Louis and Morano had probable cause to call the police. Id. at 13-14. Third, she argues that they acted with malice in reporting her to the police. Id. at 14-15. In analyzing her arguments, the Court should be guided by the fact that the New Jersey Supreme Court has recently re-affirmed the principle that malicious prosecution "'is not a favored cause of action because citizens should not be inhibited in instituting prosecution of those reasonably suspected of crime.'" Brunson v. Affinity Fed. Credit Union, 199 N.J. 381, 394 (2009) (quoting Lind v. Schmid, 67 N.J. 255, 262 (1975)). The policy in New Jersey is to encourage the "prosecution of those

reasonably suspected of criminal activity," which would be thwarted if courts allowed "a broader right of recovery" under a theory of malicious prosecution. Epperson v. Wal-Mart, 373 N.J. Super. 522, 534 (App. Div. 2004).  Because none of plaintiff's contentions find any support in the record, and because New Jersey law holds that malicious prosecution is a disfavored cause of action, the Court should grant the Walgreen defendants summary judgment on plaintiff's claim.  Id.

### A.   THE WALGREEN DEFENDANTS DID NOT "ACTUALLY CONTROL" PLAINTIFF'S PROSECUTION FOR SHOPLIFTING

Plaintiff bases her argument that the Walgreen defendants "actually controlled whether [she] would be prosecuted," Pl.'s opp. br. at 10, on the statement that Officer Marswillo told plaintiff that Jean-Louis and Morano had "stated that if she paid for the pictures no charges would be filed."  Id.  That argument ignores the fact that no one ever asked Morano whether the charges should be prosecuted.  Smith Reply Cert., Ex. 3 (Morano Dep. Tr.) at 135-11 to - 21.  It also ignores the facts that show that the Township of Franklin independently determined to charge plaintiff with and prosecute her for shoplifting.  Those facts include:

°   That no Walgreen personnel were present when the police went to plaintiff's apartment.  Smith Cert., Ex. O (Pl.'s Dep. Tr.) at 60-17 to -20.

°   That Officer Marswillo testified in the municipal trial that he did not make up his mind whether to arrest

9

plaintiff until after he had spoken with her and heard her side of the story.  Smith Cert. Ex. K (Mun. Trial Tr.) at 62-25 to 63-3.

° That Officer Marswillo decided to arrest plaintiff only after she said to him "Go ahead.  Take me to jail.  I'm not paying for the pictures."  Smith Cert., Ex. K (Mun. Trial Tr.) at 67-8 to 68-24.

° That Officer Marswillo and Somerset County Assistant Prosecutor Williams, in a recorded telephone conversation, discussed the appropriate charge for plaintiff, rejected robbery as too severe, considered theft of movable property, and decided on shoplifting as the appropriate charge.  Smith Cert., Ex. L (Franklin Twp. Police Dep't Tel. Tr.) at 23-21 to 25-14, 34-22 to 35-25, 397 to 40-17.

° That Officer Marswillo and Somerset County Assistant Prosecutor Williams decided on how to charge plaintiff without any input from the Walgreen defendants.  See id. at 22-17 to 40-17.

° That Morano never spoke with the arresting officers about the incident after the officers had left Walgreen, and never spoke with the prosecutors.  Smith Reply Cert., Ex. 3 (Morano Dep. Tr.) at 137-10 to 138-9.

° That Jean-Louis and Morano appeared at the trial because they received subpoenas to do so.  Smith Reply Cert., Ex. 3 (Morano Dep. Tr.) at 135-23 to 136-4; Ex. 8 (Mun. Ct. Oct. 30, 2009, Tr.) at 6-7 to 8-15.

° That Warren Township municipal prosecutor Harlee Stein evaluated the matter in light of State v. Goodman, 390 N.J. Super. 259 (App. Div. 2007), in determining whether to proceed on the shoplifting charge or to amend the complaint to include other charges.  Smith Reply Cert., Ex. 8 (Mun. Ct. Oct. 30, 2009, Tr.) at 10-4 to 11-3.

10

&deg; That Warren Township municipal prosecutor Michele D'Onofrio, who operated under a responsibility to "refrain from prosecuting a charge that [she] knows is not supported by probable cause," R.P.C. 3.8(a), argued that the evidence adduced at the municipal trial supported a conviction for shoplifting.  Smith Cert., Ex. N (Franklin Twp.'s Mun. Ct. Br.) at P000056-P000058; Smith Reply Cert., Ex. 8 (Mun. Ct. Oct. 30, 2009, Tr.) at 14-9 to -17 (discussing Prosecutor D'Onofrio's "ethical duty" to "determine whether or not there's sufficient facts to even prosecute [plaintiff]").

&deg; That plaintiff conceded in her brief in lieu of closing argument in connection with the municipal prosecution that when Morano told plaintiff that she could not give her the photographs free of charge, plaintiff "took the photos and walked out of the store" and "took the photos as a form of self help."  Smith Cert., Ex. G (Pl.'s Mun. Ct. Br.) at P000050-51; accord Smith Reply Cert., Ex. 8 (Mun. Ct. Oct. 30, 2009, Tr.) at 12-18 to 13-5 (arguing to court that plaintiff said to Walgreen defendants "Well, I'm going to take the photos and she walks out of the store with them.").

&deg; That the municipal court found that plaintiff had taken the photographs.  Smith Cert., Ex. H (Mun. Ct. Op.) at P000063 (finding that plaintiff "refused" to return the next day to see the store manager and instead "took the photos and left the store").

On this undisputed record, no reasonable jury could find that the Walgreen defendants had "initiated" plaintiff's prosecution.  Because the Walgreen defendants did nothing more than call the police and tell the officers that they just wanted plaintiff to return the photographs, Smith Cert., Ex. K (Mun. Trial Tr.) at 67-20 to -21, they "cannot be said to have instituted the prosecution of plaintiff."

11

293284_2

Myrick v. Resorts Int'l Casino & Hotel, 319 N.J. Super. 556, 564-65 (App. Div. 1999) (holding that when police officer makes arrest as representative of municipal government, not as agent of private citizen, police, not private citizen, institutes prosecution). Because the Walgreen defendants cannot be liable for malicious prosecution by "merely approve[ing] or silently acquiesce[ing]" in the prosecution, they are entitled to summary judgment on this count. Epperson, 373 N.J. Super. at 531 (finding sufficient evidence to support claim for malicious prosecution where defendant brought plaintiff to the police station, remained present during plaintiff's interrogation by police, and actively participated in that interrogation).

### B. NO GENUINE QUESTION OF FACT EXISTS REGARDING PROBABLE CAUSE OR MALICE

#### 1. THE WALGREEN DEFENDANTS HAD PROBABLE CAUSE TO CALL THE POLICE

If the Walgreen defendants had probable cause to report a suspected crime to the police, they have an "absolute defense to an allegation of malicious prosecution." Tarus v. Borough of Pine Hill, 189 N.J. 497, 521 (2007). Plaintiff contends that two questions of fact regarding probable cause prevent the Court from granting the Walgreen defendants summary judgment. They are whether Jean-Louis and Morano reasonably believed that Kirsten Breiner, the Walgreen employee who offered to waive the costs of developing the photographs, did not have the authority to do so. Pl.'s opp. br. at 12. The second is whether plaintiff

actually took the photographs from Jean-Louis's hands.  Id. at 14.  Neither question is a genuine issue of material fact.

First, the existence of probable cause does not require one reporting a suspected offense to consider potential exculpatory evidence.  Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 251 (3d Cir. 2001).  Thus, as a matter of law, any question that plaintiff might have had a justification for taking the photographs is not relevant to the Walgreen defendants' defense to her claim for malicious prosecution.  Tarus, 189 N.J. at 521.  Notably, plaintiff has the burden to show that probable cause, i.e., a reasonable ground for suspicion of a crime or offense supported by circumstances sufficient to satisfy a reasonable person, did not exist at the time that the Walgreen defendants called the police.  Trabal, 269 F.3d at 249.  The Walgreen defendants are under no obligation to prove that they had probable cause.  Id.

Next, the record makes clear that whether Jean-Louis and Morano believed that Breiner had authority to waive the charge for developing plaintiff's pictures is a red herring.  First, Breiner testified that Morano did "the right thing" by asking plaintiff to come back and speak to the store manger, Ms. Brus, about modifying the price to free.  Smith Reply Cert, Ex. 1 (Breiner Dep. Tr.) at 24-9 to -17.  Indeed, Breiner had modified the price of plaintiff's photographs to free only because she had mistakenly believed that the cost was $7 to $10, when it was

13

actually over $50.  Id. at 35-2 to -17.  Thus, whether "defendants' belief that

Breiner [had] exceeded her authority was unreasonable or unfounded," Pl.'s opp.

br. at 13, is not genuinely at issue in this motion, warranting summary judgment in

favor of the Walgreen defendants.  Celotex Corp., 477 U.S. at 324, 106 S. Ct. at

2553, 91 L. Ed. 2d at 274-75.

     Last, plaintiff argues that a genuine issue of material fact exists whether she

had taken the photographs from Jean-Louis or whether he had handed them to her,

"permitted her to walk away, and thereafter decided to call to the police to report a

crime."  Pl.'s opp. br. at 14.  As shown above, plaintiff had successfully

represented to the municipal court that she "took the photos and walked out of the

store" and "took the photos as a form of self help."  Smith Cert., Ex. G (Pl.'s Mun.

Ct. Br.) at P000050-51; accord Smith Reply Cert., Ex. 8 (Mun. Ct. Oct. 30, 2009,

Tr.) at 12-18 to 13-5 (arguing to court that plaintiff said to Walgreen defendants

"Well, I'm going to take the photos and she walks out of the store with them.").

The municipal court found that plaintiff had in fact taken the photographs.  Smith

Cert., Ex. H (Mun. Ct. Op.) at P000063 (finding that plaintiff "refused" to return

the next day to see the store manager and instead "took the photos and left the

store").  That finding is binding on plaintiff, Twp. of Warren v. Suffness, 225 N.J.

Super. 399, 309 (App. Div. 1988) (discussing collateral estoppel), and controls in

this proceeding.  Cahn v. United States, 269 F Supp. 2d 537, 545-46 (D.N.J. 2003)

(stating that issues litigated in state court are given preclusive effect in subsequent federal actions) (citing Migra v. Warren City Sch. Dist. Bd. of Ed., 456 U.S. 75, 83, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)).

Given a full evaluation of the evidence, the evidence is so one-sided that plaintiff had taken the photographs from Jean-Louis, Smith Cert., Ex. G (Pl.'s Mun. Ct. Br.) at P000050-51; Smith Reply Cert., Ex. 8 (Mun. Ct. Oct. 30, 2009, Tr.) at 12-18 to 13-5; Smith Cert., Ex. H (Mun. Ct. Op.) at P000063, that no reasonable jury could find that Jean-Louis had handed the photographs to plaintiff and then later changed his mind and decided to report her to the police. Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274-75; Trap Rock Indus., Inc., 982 F. 2d at 890-91. The Court should therefore grant summary judgment to the Walgreen defendants on plaintiff's claim of malicious prosecution. Trabal, 269 F.3d at 248; Brunson, 199 N.J. at 394.

### 2. THE WALGREEN DEFENDANTS DID NOT ACT WITH MALICE TOWARD PLAINTIFF IN CALLING THE POLICE

To show that the Walgreen defendants acted with malice toward plaintiff, she must demonstrate some "extrinsic evidence," Brunson, 199 N.J. at 396, that the Walgreen defendants knowingly acted without probable cause or acted for a "purpose other than securing the proper adjudication of a claim." Lighting Lube v. Witco Corp., 4 F.3d 1153, 1197 (3d Cir. 1993). Plaintiff contends she has met that

15

burden by alleging that Jean-Louis and especially Morano sought to humiliate

plaintiff by calling her a "thief" and by using the criminal process to pressure her

into paying for the photographs.  Pl.'s opp. br. at 15.  For the reasons set forth

above at pages 12-15, even taken at face value, those actions do not constitute

malice, warranting dismissal of her claim of malicious prosecution.  Brunson, 199

N.J. at 394, 398 (holding that malice requires institution of criminal proceedings

without any reasonable basis and that claim of malicious prosecution is not to be

evaluated in "the harsh and unforgiving glare of hindsight").

**IV.  THE WALGREEN DEFENDANTS HAVE NO LIABILITY
TO PLAINTIFF FOR NEGLIGENT SUPERVISION
LEADING TO PLAINTIFF'S ALLEGED FALSE ARREST,
BECAUSE THEY DID NOT COMMIT THE TORT OF
FALSE ARREST**

In support of her claim for negligent supervision leading to "false arrest and

improper detention and prosecution," Smith Cert. Ex. D (Pl.'s Amended Compl.)

at 9, ¶ 48, plaintiff argues that her cause of action is not false arrest, but a failure of

Walgreen to train and supervise its employees properly, which led to her false

arrest.  Pl.'s opp. br. at 16.  She claims that she must show that Walgreen has "a

duty to avoid falsely arresting and prosecuting its customers," and that a breach of

that duty led to her injuries.  Id.

This argument is an exercise in semantics.  The Walgreen defendants cannot

be liable to plaintiff for any breach of a duty of care unless that breach resulted in

293284_2

an actionable harm.  Brunson, 199 N.J. at 400 (noting that claim in negligence requires proof of proximate causation of actual damages).  Thus, to sustain a claim for negligent supervision leading to plaintiff's false arrest and prosecution, she must prove that the Walgreen defendants caused her false arrest.  Id.

To prove false arrest, plaintiff must establish two elements.  Leang v. Jersey City Bd. of Ed., 198 N.J. 557, 591 (2009).  First, she must show "'an arrest or detention of the person against his or her will'" and, second, a "'lack of proper legal authority or "legal justification."'"  Id. (quoting Mesgleski v. Oraboni, 330 N.J. Super. 10, 24 (App. Div. 2000) (quoting Barletta v. Golden Nugget Hotel Casino, 580 F. Supp. 614, 617 (D.N.J. 1984))).  However, plaintiff concedes that she was able to leave the Walgreen store, go to her home, and call the police. Smith Cert., Ex. D (Pl.'s Amended Compl.) at 4, ¶ 14.  Because the Walgreen defendants did not detain plaintiff, they are entitled to summary judgment on her claim for negligent supervision leading to false arrest.  Leang, 198 N.J. at 591.

For the reasons set forth above at pages 8-16, plaintiff's claim that Walgreen's alleged negligence in supervising and training its employees led to her prosecution for shoplifting fails.  The Court should therefore dismiss her claim for negligent supervision and training in its entirety.  Brunson, 199 N.J. at 394.

17

## V.   PLAINTIFF'S CLAIM FOR "GROSS INSULT" IS A TITLE IN SEARCH OF A CAUSE OF ACTION, NOT AN ACTIONABLE CLAIM

In defense of her claim of "gross insult," plaintiff contends that "[d]efendants confuse the existence of a tort with its nomenclature."  Pl.'s opp. br. at 17.  However, plaintiff's claim for "gross insult" is all nomenclature and no tort.

This is shown by plaintiff's failure, even after amending her complaint in the face of the Walgreen defendant's motion to dismiss, Smith Cert., Ex B (Mem. Op.) at 5-7, Ex. C (Order), Ex. D (Pl.'s Amended Compl.), to say definitively what her cause of action is.  In her opposition brief, she contends that it is not slander, Smith Cert., Ex. D at 17-18, but rather is a claim for injury to plaintiff's "person or psyche," id. at 18, which could sound either in assault or in intentional infliction of emotional distress.  Id. at 19.  Regardless of the theory of harm, plaintiff cannot sustain a cause of action against the Walgreen defendants for "gross insult."

Plaintiff first suggests that this claim might sound in assault.  Id.  However, plaintiff concedes that the Walgreen defendants did not touch her.  Pl.'s Resp. to Statement of Facts, ¶ 69.  Because the tort of assault requires either a harmful touching or placing a person in imminent apprehension of a harmful touching, Leang, 198 N.J. at 591, plaintiff's admission that the Walgreen defendants did not touch her, Pl.'s Resp. to Statement of Facts, ¶ 69, and her failure to allege that they had placed her in immediate apprehension of harmful physical contact constitute

293284_2

"two insurmountable impediments to plaintiff's ability to proceed with her claims" for "gross insult" as a type of assault.  Leang, 198 N.J. at 592.

Alternatively, plaintiff contends that her claim of "gross insult" could sound in intentional infliction of emotional distress.  Pl.'s opp. br. at 19.  However, the claim that the Walgreen defendants committed "gross insult" when Morano "loudly called [plaintiff] a thief and threatened to put her in jail," Pl.'s opp. br. at 18, does not satisfy New Jersey's high threshold for common-law intentional infliction of emotional distress.  Tarr v. Ciasulli, 181 N.J. 70, 77 (2004) (ruling that common-law tort of intentional infliction of emotional distress requires a far more "stringent standard of proof" than do statutory claims for emotional distress).  For example, "embarrassment, stress, and lost sleep" do not "rise to the level of severe distress required in an emotional distress claim."  DeAngelis v. Hill, 180 N.J. 1, 20-21 (2004).

Further, a common-law claim for intentional infliction of emotional distress requires that the plaintiff show that the defendant intended "both to do the act and to produce emotional distress."  Buckley v. Trenton Saving Fund Soc'y, 111 N.J. 355, 366 (1988).  The defendant's conduct must be so utterly atrocious that it proximately causes emotional distress so extreme that no reasonable person could be expected to endure it.  Id.  Whether the defendant's conduct was so intolerable as to meet this heightened standard is a question of law for the Court.  Id.

Here, plaintiff has deposed Jean-Louis and Morano, Smith Reply Cert., Ex. 2 (Jean-Louis Dep. Tr.) and 3 (Morano Dep. Tr.), but offers the Court no proof that they intended to humiliate plaintiff.  See Brunson, 199 N.J. at 396 (requiring some "extrinsic evidence" of malice).  Calling someone a "thief," especially under the facts of this case, does not satisfy the heightened standard under Buckley, 111 N.J. at 368 (rejecting claim for intentional infliction of emotional distress without proof of intentional misconduct).  Accordingly, the Court should lay plaintiff's claim for "gross insult" to rest.

**VI.   THE WALGREEN DEFENDANTS ARE ENTITLED TO IMMUNITY FROM LIABILITY TO PLAINTIFF UNDER N.J.S.A. 2C:20-11(e), WHICH PROTECTS MERCHANTS AGAINST CLAIMS RELATING TO ACCUSATIONS OF SHOPLIFTING MADE WITH PROBABLE CAUSE**

Finally, the Walgreen defendants have statutory immunity from plaintiff's claims arising out of the charge of shoplifting.  N.J.S.A. 2C:20-11(e) affords a merchant complete civil and criminal immunity from claims by a person whom that merchant had probable cause to accuse of shoplifting.  Plaintiff contends that "unresolved factual disputes" regarding the existence of probable cause prevent the Walgreen defendants from enjoying that statutory immunity.  As shown above at 13, plaintiff bears the burden of proof to show that the Walgreen defendants had no probable cause, i.e., a reasonable suspicion, to believe at the time they called the police that an offense had occurred.  Trabal, 269 F.3d at 249.  Her failure to do so,

20

see supra at 12-16, is fatal to her claim, because it entitles the Walgreen defendants

to statutory immunity.  N.J.S.A. 2C:20-11(e).

## **CONCLUSION**

For the foregoing reasons, as well as those contained in the moving papers,

the Court should grant summary judgment to the Walgreen defendants.

Respectfully submitted,

COUGHLIN DUFFY LLP
Attorneys for Defendants/Movants,
Walgreen Eastern Co., Inc. (improperly
pleaded as "Walgreen Co. d/b/a
Walgreens"), Pierre Jean-Louis, and Theresa
Morano

*/s/ Timothy P. Smith*
Timothy P. Smith

Dated:  January 12, 2010

21