NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NICOLE SCHAFFER, : | |
| : | |
| Plaintiff, : | |
| : | Civ. No. 09-347 (GEB) |
| v. : | |
| : | **MEMORANDUM OPINION** |
| TOWNSHIP OF FRANKLIN, ET AL., : | |
| : | |
| Defendants. : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion for summary judgment and the motion to seal and enforce the parties' confidentiality agreement filed by Defendants Walgreens Co., Pierre Jean-Louis, and Theresa Morano (collectively "Defendants"). (Doc. Nos. 51, 57.) Plaintiff Nicole Schaffer ("Schaffer") opposes Defendants' motion for summary judgment, but has not opposed Defendants' motion to seal and enforce the parties' confidentiality agreement. (Doc. No. 60.) The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, the Court will *sua sponte* decline to exercise supplemental jurisdiction over Schaffer's remaining state law claims and will dismiss this case. The Court will, however, grant Defendants' motion to seal and to enforce the parties' confidentiality agreement.

**I.      BACKGROUND**

Because the Court will dismiss this case on jurisdictional grounds, a detailed recitation of the factual background is not necessary, and the Court will discuss only the relevant procedural

history.  On January 26, 2009, Schaffer filed a complaint against Defendants, as well as former-defendants the Township of Franklin, now-deceased Franklin Police Officer Rocco Marswillo, and John Doe Franklin Police Officers 1-5 (the "John Doe Officers").  (Compl.; Doc. No. 1.)  In her complaint, Schaffer asserted federal question jurisdiction based upon her Section 1983 claim against the Township of Franklin, Officer Marswillo and the John Doe Officers.  (*Id.* at ¶¶ 8, 9.)  Schaffer argued the Court had supplemental jurisdiction over her state law claims against Defendants.  (*Id.*)  Subsequently, on August 24, 2009, Schaffer filed an amended complaint pursuant to the terms of the Court's August 4, 2009 order.  (Am. Compl.; Doc. No. 44.)  Schaffer's amended complaint asserts federal jurisdiction on the same grounds as the original complaint.  (*Id.*)  On October 10, 2009, Schaffer dismissed her complaint against the Township of Franklin and Officer Marswillo with prejudice.  (*Id.* at ¶¶ 8, 9.)  On December 11, 2009, Defendants filed a motion for summary judgment, which Schaffer opposes.  (Doc. Nos. 51, 60).  On January 5, 2010, Defendants filed a motion to seal certain discovery materials and to enforce the parties' confidentiality agreement, which Schaffer has not opposed.   (Doc. No. 57.)

II.     DISCUSSION

As the Court noted above, Schaffer's amended complaint asserts federal question jurisdiction based upon her Section 1983 claim against the Township of Franklin, Officer Marswillo, and John Doe Officers.  (Am. Compl. at ¶¶ 8, 9; Doc. No. 44.)  Schaffer argues that the Court has supplemental jurisdiction over her state law claims against Defendants.  (*Id.*)  Schaffer, however, has dismissed her complaint against the Township of Franklin and Officer Marswillo with prejudice.  (Doc. No. 47.)  As a result, the Court concludes that the lone federal question presented in Schaffer's amended complaint has been resolved, leaving only her state law

claims against Defendants.[1]  (Am. Compl. ¶¶ 16-69; Doc. No. 44.)  In light of the absence of any federal claim, the Court will not exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  A District Court, pursuant to 28 U.S.C. § 1367(c)(3), "may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."  *Edlin Ltd. v. City of Jersey City*, No. 07-3431, 2008 U.S. Dist. LEXIS 41118, at \*24 (D.N.J. May 23, 2008) (citing *Atkinson v. Olde Economie Fin. Consultants, Ltd.*, No. 05-772, 2006 U.S. Dist. LEXIS 54289, at \*5 (W.D. Pa. Aug. 4, 2006)).  This determination is discretionary and "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction."  *Id.*; *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) ("pendent jurisdiction 'is a doctrine of discretion, not of plaintiffs right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  Applying this standard to the procedural posture in this case, the Court shall decline in its

---

[1] In both her original and amended complaint, Schaffer names as Defendants the John Doe Officers.  In both complaints, however, Schaffer makes no substantive allegations against the John Doe Officers other than to assert that they "collaborated" with Officer Marswillo.  The Court concludes, therefore, that Schaffer's allegations against the John Doe Officers fail under well-established pleading guidelines pursuant to Federal Rule of Civil Procedure 12(b)(6).  A complaint will survive a motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570).  The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).  In the present case, Schaffer's amended complaint fails to satisfy these pleading requirements as to the John Doe Officers.  Therefore, with Schaffer's dismissal of her Section 1983 complaint against the Township of Franklin and Officer Marswillo, no viable Section 1983 claim remains in Schaffer's amended complaint.

discretion to exercise supplemental jurisdiction over Schaffer's remaining state law claims.

The Court will, however, grant Defendants' motion to seal confidential discovery materials and enforce the confidentiality agreement between the parties. (Doc. No. 57.) Having reviewed Defendants' brief in support of that motion, which Schaffer does not oppose, the Court concludes that the relief Defendants' seek is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over Schaffer's remaining claims and will DISMISS Schaffer's complaint and order the Clerk of the Court to CLOSE this case. The Court will, however, GRANT Defendants' motion to seal and to enforce the parties' confidentiality agreement.

Dated: March 1, 2010

                                                        /s/ Garrett E. Brown, Jr.
                                                  GARRETT E. BROWN, JR., U.S.D.J.